UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WAYNE BROWN, Inmate Booking No. 21148122, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM D. GORE, San Diego County Sheriff, <br><br> Defendants. | Case No.:  22-cv-00348-MMA (WVG) <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)** <br><br> [Doc. No. 4] |

Douglas Wayne Brown ("Plaintiff"), currently housed at the South Bay Detention Facility ("SBDF") located in Chula Vista in San Diego, California and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  In addition, Plaintiff filed additional pages, which appear to be part of his Complaint and as such the Court will consider them in conducting the required *sua sponte* screening.  *See* Doc. No. 5.  Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 4.  For the following reasons, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and **DISMISSES** his Complaint.

# I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement. *See* Doc. No. 5; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had a $1.12 balance at the time of filing. *See* Doc. No. 5. Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses his initial partial filing fee to be $16.00 pursuant to 28 U.S.C. § 1915(b)(1).

The Court will direct the Watch Commander, or their designee, to collect an initial partial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.    Plaintiff's Factual Allegations**

Plaintiff alleges that he was "arrested [on] December 8, 2021" and he has not received his "heart meds." Compl. at 2. Plaintiff also claims to be "allergic" to the Covid-19 vaccine. *Id.* In addition, he claims he has been denied the right to a "fast and speedy trial" and his counsel will "not investigate case until April 1, 2022." Doc. No. 5 at 1–2.

**C.    42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere

9

conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138 (9th Cir. 2012).

**D.    Younger Abstention**

As an initial matter, Plaintiff appears to challenge the basis for his current detention and ongoing state criminal proceedings.  To the extent that Plaintiff is currently in the process of facing state criminal charges and requests that this Court intervene in the state court's decisions, the Court declines to do so.  A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53–54 (1971).

Younger abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  Here, because it appears that Plaintiff has ongoing criminal proceedings in state court, abstention as to Plaintiff's claims pursuant to the *Younger* doctrine is warranted.

**E.    Medical Claims**

Plaintiff also alleges that he been denied his medication that he takes for an unspecified heart condition.  While this is a serious concern, based on Plaintiff's lack of factual allegations and failure to identify specific individuals whom he claims is responsible for the purported failure to receive his medication, the Court finds that he

9

1  fails to state a claim upon which relief may be granted.  Plaintiff does not name any

2  individual as responsible for alleged constitutional violations with the exception of

3  Sheriff William Gore.  *See* Compl. at 1.

4       However, there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer*

5  *v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  "Because vicarious liability is

6  inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government-official

7  defendant, through the official's own individual actions, has violated the Constitution."

8  *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los*

9  *Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at

10  least me degree of particularity overt acts which defendants engaged in" in order to state

11  a claim).  "A plaintiff must allege facts, not simply conclusions, t[o] show that [each

12  defendant] was personally involved in the deprivation of his civil rights."  *Barren*

13  *v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel.*

14  *Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a

15  required element of a § 1983 claim.").

16       As currently pleaded, Plaintiff's Complaint offers no factual detail from which the

17  Court might reasonably infer a plausible inadequate medical care claim as to Defendant

18  Gore.  Instead, Plaintiff only lists "San Diego County Sheriff William D. Gore" as the

19  sole Defendant.  Compl. at 1.  But Fed. R. Civ. P. 8 "demands more than an unadorned,

20  the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to

21  dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

22  claim for relief that is plausible on its face.'"  *Iqbal*, 662 U.S. at 678 (quoting *Twombly*,

23  550 U.S. at 555, 570).

24       Moreover, supervisory officials may only be held liable under § 1983 if Plaintiff

25  alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient

26  causal connection between the supervisor's wrongful conduct and the constitutional

27  violation."  *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca*, 652

28  F.3d 1202, 1207 (9th Cir. 2011). P laintiff makes no such allegations in his Complaint.

Therefore, the Court **DIMISSES** Defendant Gore *sua sponte* based on Plaintiff's failure to state a claim against him.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**F.     Leave to Amend**

Accordingly, the Court finds Plaintiff's Complaint, together with the additional pages he filed, fails to state a claim against any named Defendant, and therefore, it is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding *pro se*, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).  If Plaintiff chooses to file an amended pleading, he must allege more specific factual allegations regarding his claims.

### III. Conclusion

For the reasons explained, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **DIRECTS** the Watch Commander of the SBDF, or their designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.  The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, South Bay Detention Facility, 500 Third Avenue, Chula Vista, California 91910.

The Court further **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original

9

pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").  The Court DIRECTS the Clerk of Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated:  May 3, 2022

HON. MICHAEL M. ANELLO
United States District Judge

9